Herald P. Culkin, J.
The defendant has demurred to this indictment and moved for an order of severance.
The court heard oral arguments of counsel for both sides and read the motion papers and memoranda of law.
The first count charges the defendant with the crime of conspiring with another (Penal Law, § 580, subd. 6) from December 9, 1959 to December 15, 1959 to commit acts to pervert and obstruct justice and the due administration of the laws, to wit: sections 886 and 901 of the New York City Charter.
*2 As to count one of the indictment, the court finds the joinder of that count charging a conspiracy of a later date (21 months later) to pervert justice is improper and, therefore, justifies severance as linking substantive crimes alleged in counts two, three and four with a conspiracy, a separate unrelated crime which should be tried separately and thus avoid the appearance created by the joinder of an implication of guilt on the part of the defendant as to crimes alleged in counts two, three and four. However, the demurrer is likewise addressed to count one on the ground that it violates subdivision 3 of section 323 of the Code of Criminal Procedure which prohibits improper joinder and is, therefore, sustained.
In reference to counts two, three and four, section 886 has been revised and clarified by the enactment of chapter 532 of the 1959 Laws of New York, effective April 20, 1959. It is to be noted that the defendant was indicted on January 12, 1960.
In 1959 the Special Committee of the City Council adopted a resolution forwarding its recommendations to the New York State Legislature, urging the revision of the statute in order that it might clarify the “vague ” language contained therein.
The committee in its report indicated that the recommendations were designed to clarify the procedural provisions of the statute — “to establish a standard which did appeal to reasonable men as proper and practicable and readily understandable.” (Special Comm. of the Council Report, 1959, p. 5.) Further, “ we believe it should be specific and not so general as to constitute a mere expression of pious hope. Nor should it be a trap for the unwary.” (Italics supplied.)
At page eight of the report the committee stated: ‘1 Much has been said about the need for clarifying the language of Subd. a of Section 886. The New York County Grand Jury said it was ‘ loosely and vaguely drawn ’. The Commissioner of Investigation said that there was a definite need for a clearer definition of the ‘ duties and obligations of city officials in matters in which they may be financially interested ’, adding ‘ there have been few judicial interpretations. ’ The city believes that the proper interest will be served by a revision of the section and clarification of its language, so that what is prohibited and what is permitted will be clearly stated.”
Specifically, addressing itself to the pertinency of the issue urged here by the defendant, at page 9 of the committee’s report, it stated: ‘1 Acceptance of gifts from persons doing business with the city is ground for removal from office'and regardless of any other circumstances. It has been contended that the pro *3 vision applies no matter whether the recipient of the gift knows of the donor’s business dealing with the city.”
The report then proceeds at page 10 to speak of the magnitude of the city government and the vast number of persons having business dealings with the city and that “ it was conceivable that an officer of the city may accept in good faith without knowing that the donor has business dealings with the city. Under the existing statute such employee or officer may be placed in serious jeopardy when a gift is received.”
The committee then made the recommendation: “ That the prohibition which applies to the acceptance of gifts where the donor has dealings with the city, and that fact is knowrn, or should reasonably be known to the receiver of the gift ”, concludes with this observation — “ certainly where the relationship is not one of employment or business activity with our municipality, an officer or employee should not be penalized. ’ ’
It is clear from the foregoing excerpts that mere acceptance of a gift, loan or thing of value cannot justify conviction of an accused until it first be alleged in the indictment that he had knowledge that the donor had dealings with the city, or that he should reasonably have known that the donor had business dealings with the city. The legislative intent is thus clearly shown'in the enactment of the revision as a procedural improvement, and a clarification of the earlier ‘ ‘ vague ’ ’ statute which could readily be “ a trap for the unwary.”
Support for this position is found in the opinion recently handed down by the Court of Appeals in People v. Oliver (1 NY 2d 152 [Fuld, J.]) holding that where a statute in effect revises and clarifies an earlier statute along procedural lines the latest statute must be followed and not the earlier one.
Nowhere in this indictment is the defendant charged with knowing that the other person from whom he is alleged to have received a gratuity, loan or thing of value had any business dealings with the city. The other party is not named as a codefendant in this indictment. The first count relates to alleged conversations had some 21 months after the alleged receipt of a gratuity, loan or thing of value.
As to the fourth count, the legislative intent in revising and clarifying section 886 of the City Charter to embody the practical recommendations of the committee must carry over to section 901 of the City Charter dealing with the same alleged act of accepting a gift, loan or thing of value. Section 901 must be read as if it too contained the same specific requirement that the defendant knew that the donor had business dealings with the city.
*4 The applications made to me on behalf of the defendant are not deemed by me to be merely technical objections but I view the applications as designed to insure a fair trial to the defendant when founded on a legal indictment. Our laws are enacted for the punishment as well as protection of all people, be they lowly or exalted. The safeguard of appropriate procedural practices must be applied equally.
I am, therefore, constrained to sustain the demurrer and dismiss the indictment with leave to resubmit to the same Grand Jury and to apply on resubmission the clarified procedural provisions as presently contained in section 886 of the Charter and by indirection in section 901 of the City Charter in its application to counts two, three and four.